IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KYLE PERRY, | : | |
| Plaintiff, | : | |
| v. | : | No. 5:25-cv-00077-TES-CHW |
| Warden GREGORY SAMPSON, *et al.*, | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Kyle Perry, a prisoner at the Dooly State Prison in Unadilla, Georgia, filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff was granted leave to proceed *in forma pauperis* with an initial partial filing fee of $19.00. ECF No. 7. Plaintiff has paid that fee and his complaint is ripe for preliminary review.

### INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Although it is difficult to follow Plaintiff's lengthy complaint, it appears that Plaintiff is raising claims for failure to protect, failure to investigate, harsh conditions of confinement, violation of due process, access to courts, and religious infringement. *Id*.

Plaintiff is advised that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a

complaint need not include detailed factual allegations, a plaintiff is required to provide more than mere "labels and conclusions," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[N]aked assertion[s]" devoid of "further factual enhancement" cannot suffice to meet the Rule 8 pleading standard. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). Moreover, "conclusory allegations are not entitled to the assumption of truth." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679). Here, Plaintiff's complaint is rife with ambiguous allegations and conclusory assumptions as to what many Defendants knew about Plaintiff's difficulties with other inmates and his housing assignments. Thus, Plaintiff's complaint is subject to dismissal as impermissibly vague and completely void of sufficient factual detail to state a claim for which relief may be granted. *Iqbal* 556 U.S. at 678 (finding that Rule 8 requires a plaintiff to provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation.").

*Supervisory Liability*

Plaintiff seems to bring most of his claims against Defendants Warden Sampson, Deputy Warden Hudson, Unit Manager Hamilton, and Chief Counselor Jackson based solely on their supervisory roles, seeking to hold them vicariously liable for the actions of others. *See* ECF No. 1 at 7-16. Supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability, however. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263,

1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). To establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation, showing that the supervisor personally participated in the alleged constitutional violation, directed subordinates to act unlawfully, or knew subordinates would act unlawfully but failed to stop them. *Keating*, 598 F.3d at 762.

Plaintiff has made no showing of a causal connection between any action of any Defendant in a supervisory role and the injuries Plaintiff suffered from being attacked by other inmates. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

### Conditions of Confinement and Due Process claims

Plaintiff challenges his confinement in administrative segregation and contends that

he should have been in "protective custody" instead.[1] ECF No. 1 at 7-14. To the extent Plaintiff raises issues with his classification and housing in administrative segregation, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification or a specific section of a prison. *See* e.g., *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973) ("The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States."); *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Olim v. Wakinekora*, 461 U.S. 238, 245 (1983); *Hewitt v. Helms*, 459 U.S. 460, 466 (1983), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *McKune v. Lile,* 536 U.S. 24, 40 (2002). It is a long held axiom that "by virtue of their convictions, inmates must expect significant restrictions, inherent in prison life, on rights and privileges free citizens take for granted." *McKune,* 536 U.S. at 40 (citing *Meachum,* 427 U.S. at 225).

To state a due process claim, a prisoner first "must have a liberty interest created by the United States Constitution or by a state." *Walker v. Florida Parole Com'n*, 299 Fed.Appx. 900, 901 (11th Cir. 2008) (citing *Monroe v. Thigpin*, 932 F.2d 1437, 1441 (11th Cir. 1991)). In general, a prisoner's housing based on the institution's custodial

---

[1] It is not what Plaintiff believes protective custody to be, or that there is any distinction between administrative segregation and protective custody. The Standard Operating Procedures ("SOP") for the Georgia Department of Corrections ("GDOC") states that Tier I administrative segregation is utilized "for protective custody" when it "is necessary for the offender's own protection." *See* SOP 209.07 (IIB09-0002) Segregation-Tier I Housing at https://public.powerdms.com/GADOC/documents/105950 (last visited Oct. 31, 2025).

classification system does not create a liberty interest because "the decision where to house inmates is at the core of prison administrators' expertise." *McKune,* 536 U.S. at 39; *Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009); *Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."). Plaintiff's placement in administrative segregation does not alone give rise to a liberty interest, as "the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Al-Amin, v. Donald*, 165 Fed.Appx. 733, 738 (11th Cir. 2006) (quoting *Hewitt*, 459 U.S. at 468); *West v. Higgins,* 346 F. App'x 423, 426 (11th Cir.2009) (citing *McKune,* 536 U.S. at 39–40) (finding that "an inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate loses access to rehabilitative programs and experiences more burdensome conditions than before.").

In the context of inmate confinement, a liberty interest that would entitle a prisoner to some measure of due process may be implicated when the confinement causes a prisoner to be held longer than his court imposed sentence or when the confinement imposes a hardship that is atypical of ordinary prison life. *See Sandin*, 515 U.S. at 483-84; *Wallace v. Hamrick*, 229 Fed.Appx. 827, 830 (11th Cir. 2007); *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999). Plaintiff does not allege that his confinement in administrative segregation caused him to be held in excess of his sentence. ECF No. 1 at 7-14. Instead,

5

he complains that in administrative segregation he had reduced access to phone, commissary, library, and recreation privileges.[2]  *Id*.  The deprivation of in-prison benefits of which Plaintiff complains are not atypical of those discomforts normally associated with prison life. *See e.g., Walker v. Loman,* No. 2:06–cv–00896, 2006 WL 3327663, *2 (M.D.Ala.2006) ("[a]n inmate's ability to visit, to shop, and to use the telephone is heavily restricted while in prison, as are most aspects of an inmate's life"); *Johnson v. Brown,* No. 05–0019, 2008 WL 490923 at *4–5 (S.D.Ala. Feb.19, 2008) ("Constitution does not grant an inmate a right in visitation, store, and telephone privileges.").

As to Plaintiff's claim that he had limited access to the law library, Plaintiff must demonstrate that the lack of access to a law library or legal materials "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action," and he "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) (quotation omitted).  Plaintiff has made no allegation that he had any otherwise non-frivolous habeas or other civil action dismissed or denied due to his limited access to the law library during his time in administrative segregation.

### *Failure to protect claim*

Plaintiff raises a claim that the Defendants failed to protect him from being assaulted

---

[2] Plaintiff further alleges that he had reduced access to "religious services" but provides no specific context as to what these services were or how any Defendant prevented him from being able to practice his faith while housed in the J dorm.

by other prisoners. ECF No. 1 at 11 and 13. The Eleventh Circuit has held the Eighth Amendment "impose[s] a duty on prison officials to 'take reasonable measures to guarantee the safety of the inmates.'" *Mosley v. Zachery*, 966 F.3d 1265, at 1270 (11th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). This "includes 'protecting prisoners from violence at the hands of other prisoners.'" *Id*. (quoting *Farmer*, 511 U.S. at 833). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. To establish a § 1983 claim for failure to protect or deliberate indifference to safety under the Eighth Amendment, a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). Here, Plaintiff appears to have shown he was at substantial risk of serious harm by members of his "GD" gang but he has failed to establish the second and third elements of his failure to protect claim against any Defendant. See ECF No. 1 at 7-14. To establish the second element of deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Stated another way, a plaintiff can establish deliberate indifference if he demonstrates that a corrections official objectively "responded to [a] known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm

7

but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1235-36 (internal quotation marks omitted).

Plaintiff states that he made various corrections officials aware that he faced danger at the hands of other inmates on at least two occasions and that each time corrections officials moved him away from the harm and into administrative segregation. *See* ECF No. 1 at 7-14. Plaintiff was only removed from administrative segregation when he chose to be returned to other housing assignments. *Id*. These allegations fail to indicate that any Defendant "acted with subjective recklessness as used in the criminal law" or that any Defendants' actions caused any subsequent injury to the Plaintiff. *See Wade* , 106 F.4th at 1255; *Marbury*, 936 F.3d at 1233 (holding that to establish causation a "plaintiff must show a necessary causal link between the officer's failure to act reasonably and the plaintiff's injury.") (internal quotation marks omitted).

*Failure to investigate claim*

Although Plaintiff seeks to bring a failure to investigate claim against Defendants Sampson and Hudson (ECF No. 1 at 11, 13), prisoners do not enjoy a constitutional right to an investigation of any kind by government officials. *See generally DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *Stringer v. Doe*, 503 F. App'x 888, 890-91 (11th Cir. 2013) (finding no substantive due process right to an internal investigation by law

8

enforcement); *Vinyard v. Wilson,* 311 F.3d 1340, 1356 (11th Cir. 2002) (finding there is no constitutional right to an investigation of an excessive force claim); *Mallory v. Hetzel*, 2016 WL 5030469, at *14 (M.D. Ala. 2016) (failing to properly investigate an inmate's complaint does not rise to the level of a separate constitutional violation because inmates do not enjoy a constitutional right to an investigation of any kind by government officials). Similarly, Plaintiff has no judicially cognizable interest in the prosecution or discipline of another inmate. *Woody v. Cronic,* 401 F. App'x 509, 512 (11th Cir.2010) (citing *Leeke v. Timmerman,* 454 U.S. 83, 85–86 (1982)); *Otero v. U.S. Attorney Gen.,* 832 F.2d 141, 141 (11th Cir. 1987) (finding that a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another). Thus, any claim raised by Plaintiff that any Defendant failed to investigate his assault are also subject to dismissal.

## ORDER TO RECAST

In sum, Plaintiff's complaint as currently pleaded is subject to dismissal pursuant to 28 U.S.C. § 1915A for failure to state a claim. Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is now required to submit a recast complaint on the Court's standard form if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of

claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

    (1)    What did this Defendant do (or not do) to violate your rights?  In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

    (2)    Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation?  If not, what actions did the supervisor personally take or not take to cause the unconstitutional action? How do you know?

    (3)    When and where did each action occur (to the extent memory allows)?

    (4)    How were you injured by this Defendant's actions?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form.  Plaintiff is hereby notified that only **one sole operating complaint** is permissible, and his recast complaint will supersede and take the place of his original complaint (ECF No. 1) and amended complaint (ECF No. 14).  *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that when an amended complaint is filed, the previously filed complaint becomes "a legal nullity"); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading).  Accordingly, any Defendant that Plaintiff intends to sue and any fact he deems necessary to his lawsuit

10

should be clearly stated in his recast complaint, even if he has previously alleged it in another filing. The Court will not refer back to the original complaint (ECF No. 1) in its next review of Plaintiff's claims.

Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed. If Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments with his complaint. ***The recast complaint cannot exceed ten pages in its entirety***.

## CONCLUSION

A preliminary review of Plaintiff's complaint (ECF No. 1) reveals that Plaintiff's complaint is subject to dismissal for failure to state any viable claim against his Defendants. This Court will provide Plaintiff with one opportunity to recast his complaint to remedy the defects as explained above. Plaintiff shall have **FOURTEEN (14) DAYS** from the

11

date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 4th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge