**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KYLE PERRY,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE: 5:25-CV-00077-TES-CHW** |
| **VS.** | : | |
| | : | |
| **Warden GREGORY SAMPSON,** | : | |
| *et al.,* | : | |
| | : | |
| **Defendant** | : | |

_____

**<u>ORDER</u>**

*Pro se* Plaintiff Kyle Perry, a prisoner at the Dooly State Prison in Unadilla, Georgia,

filed a 42 U.S.C. § 1983 complaint. (ECF No. 1). On November 4, 2025, Plaintiff was ordered to

recast his complaint and provided instructions on how to do so. (ECF No. 12). Plaintiff was

given fourteen days to submit his recast complaint and was informed that failure to comply with

an order of the Court could result in dismissal of this action. (*Id*.). Plaintiff failed to respond.

Therefore, on December 16, 2025, Plaintiff was ordered to show cause why this civil action

should not be dismissed for failure to respond to the Court's order. (ECF No. 13). Plaintiff was

given fourteen days to respond or otherwise submit his recast complaint. (*Id*.).

On January 6, 2026, Plaintiff requested an extension of time to submit his recast

complaint. (ECF No. 14). On January 8, 2026, the Court granted Plaintiff an extension of thirty

days to comply with the Court's orders and Plaintiff's new deadline to submit his recast

complaint was set for February 9, 2026. (ECF No. 15). The time for compliance has passed and

Plaintiff has failed to respond or otherwise submit his recast complaint as he was first ordered to

do more than three months ago on November 4, 2025. (ECF No. 12). Because Plaintiff has failed

to comply with the Court's orders or otherwise prosecute this case, the Court **DISMISSES** his

Complaint **without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 23rd day of February, 2026.

S/ Tilman E. Self, III

**TILMAN E. SELF, III., JUDGE**
**UNITED STATES DISTRICT COURT**